# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

THOMAS HOOGHE                                                                              PLAINTIFF

vs.                                                   CIVIL ACTION NO.: 2:12cv109-MPM-SAA

WILLIAM RASCO, et al.                                                                    DEFENDANTS

## ORDER AND REPORT AND RECOMMENDATION

On August 29, 2012, plaintiff Thomas Hooghe (# 109878), an inmate housed at the DeSoto County Jail, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

In his complaint, plaintiff alleges that the defendants, the DeSoto County Sheriff and DeSoto County Jail employees, have violated his rights to due process and equal protection, and that they have violated the Establishment Clause of the First Amendment to the United States Constitution. Specifically, he alleges that the defendants refuse male inmates access to legal materials or any book other than the Bible, while female inmates are allowed access to various reading materials. He also maintains that books mailed to him at the DeSoto County Jail direct from the publisher or bookseller were returned without jail officials giving him notice of the returns. Before the hearing, the plaintiff filed a motion to amend the complaint to add an

---

[1] 28 U.S.C. § 1915(g).

additional factual basis for his claim that the defendants have denied him access to legal materials mailed directly from the publisher.

At the *Spears* hearing, the plaintiff moved to amend his complaint to include a claim that Sergeant Washington, an officer working at the DeSoto County Jail, took away the television set in his cell or his pod for a period of four days after jail employees could not locate an inmate's razor. In order to maintain a § 1983 claim, the plaintiff must allege a violation of a constitutional right, and an inmate has no constitutional right to a television set. *See, e.g., Murphy v. Walker*, 51 F.3d 714,718 (7th Cir. 1995); *see also Scheanette v. Dretke*, 199 Fed.Appx. 336 (5th Cir. 2006) (unpublished). Moreover, plaintiff stated that the television set was only removed for a short time due to the occurrence of a rule violation. The removal appears to have been reasonably related to the legitimate security concerns of the DeSoto County Jail, and plaintiff's claim is not viable. *See Turner v. Safley*, 482 U.S. 78, 88 (1987) (holding that a prison regulation that infringes on an inmate's constitutional rights is valid only if it is "reasonably related to legitimate penological interests"). For this reason, the plaintiff's claim against Sergeant Washington should be dismissed.

For the foregoing reasons, it is

**ORDERED**

That Plaintiff's Motion for Leave to File Amended Complaint (Docket 7) will be granted. Process will issue for the remaining defendants as to the claims raised in the complaint as provided by separate Order. The undersigned further

**RECOMMENDS**

That the plaintiff's claim against Sergeant Washington be dismissed based on the plaintiff's failure to state a claim.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 29th day of August, 2012.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE